UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BRANDYN STEVEN JOHNSON,

Plaintiff,

v.

UNKNOWN RUSSO, et al.,

Defendants.

Case No. 2:26-cv-45

Honorable Sally J. Berens

# OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a previous order, the Court granted Plaintiff leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (Am. Compl., ECF No. 5, PageID.17; Compl., ECF No. 1, PageID.4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S.

344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.”).[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff’s *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff’s allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss without prejudice Plaintiff’s complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan. The events about which he complains occurred at the Chippewa Correctional Facility (URF) in Kincheloe, Chippewa County, Michigan. Plaintiff sues the following URF staff: Doctor Unknown Russo and Nurse Unknown Duncan. (Am. Compl., ECF No. 5, PageID.12.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm’n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), “context matters” and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black’s Law Dictionary for the definition of “parties” and not addressing *Murphy Bros*.); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of “the term ‘parties’ solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of ‘parties’ in other contexts”).

In Plaintiff's amended complaint,[2] he alleges that on May 8, 2024, he was experiencing "chronic nerve pain"[3] in his back, hips, and feet caused by nerve damage. (*Id.*, PageID.15.) Plaintiff has been hospitalized for this problem "many, many times" before and has undergone an unspecified number of hip surgeries. (*Id.*) Plaintiff alleges that he experienced daily pain, which is noted in his medical records, and that this pain increased since he has been in prison. (*Id.*) Plaintiff "contacted MDOC medical" and explained his medical conditions. (*Id.*) "MDOC medical" gave Plaintiff Tylenol and Naproxen, which Plaintiff states was insufficient to relieve his pain. (*Id.*)

On unspecified dates, Plaintiff had medical visits with Defendants Duncan and Russo. (*Id.*) Plaintiff "explained all of this" to Defendants Duncan and Russo but was "disregarded and left not properly treated by medical staff." (*Id.*) During visits with Defendant Russo on unspecified dates, Plaintiff told Defendant Russo about his previous treatment, but Defendant Russo "chose to neglect all previous medical treatment and recommendations." (*Id.*) Plaintiff alleges that his quality of life has deteriorated because of this condition. (*Id.*)

Based on the foregoing allegations, Plaintiff raises Eighth Amendment access to medical care claims. Plaintiff seeks injunctive relief and monetary damages.

## II. Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

---

[2] Plaintiff filed his initial complaint on March 2, 2026. (ECF No. 1.) In an order entered on May 4, 2026, the Court informed Plaintiff that his complaint was deficient because it failed "to indicate the dates on which the events at issue in the complaint occurred." (Order, ECF No. 4, PageID.9.) The Court directed Plaintiff to file an amended complaint that contained allegations of "what each Defendant did or did not do on each date." (*Id.*, PageID.10.) Plaintiff filed an amended complaint on May 22, 2026. (ECF No. 5.) Plaintiff's amended complaint takes the place of the original complaint.

[3] In this opinion, the Court corrects the capitalization and punctuation in quotations from Plaintiff's complaint.

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A. Failure to Comply with Court Order**

In an order entered on May 22, 2026, the Court informed Plaintiff that his complaint was defective because it did not "indicate the dates on which the events at issue in the complaint occurred." (Order, ECF No. 5, PageID.9.) The Court directed Plaintiff to file an amended complaint in which Plaintiff alleged "what each Defendant did or did not do on each date." (*Id.*, PageID.10.) In Plaintiff's amended complaint, the only date provided is in the following sentence: "I Brandyn Johnson on 5.8.24 have chronic nerve pain in my back I also have chronic pain in my hips and feet due to nerve damage." (Am. Compl., ECF No. 5, PageID.15.) Later in Plaintiff's amended complaint, he alleges that he had medical visits with Defendants Russo and Duncan, but he does not identify when these visits occurred. (*Id.*) The allegation that Plaintiff was experiencing pain on May 8, 2024, is insufficient to cure the defect noted in the Court's order and fails to comply with the directive in that order that Plaintiff allege "what each Defendant did or did not do on each date." (Order, ECF No. 4, PageID.9, 10.)

As stated in the Court's order, Plaintiff's amended complaint is subject to dismissal for failing to comply with the Court's order. (*Id.*, PageID.10.) Even setting aside Plaintiff's failure to comply with the Court's order, as explained below, Plaintiff's claims are subject to dismissal for failure to state a claim.

**B. Eighth Amendment Access to Medical Care Claims**

Plaintiff alleges that Defendants Russo and Duncan failed to provide proper medical treatment for Plaintiff's chronic nerve pain in violation of the Eighth Amendment. (Am. Compl., ECF No. 5, PageID.15.)

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes, U.S. Const. amend. VIII, and the Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care

would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id*. at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id*. In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id*. The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty*., 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty*., 534 F.3d 531, 539–40 (6th Cir. 2008). Obviousness, however, is not strictly limited to what is detectable to the eye. Even if the layman cannot see the medical need, a condition may be obviously medically serious where a layman, if informed of the true medical situation, would deem the need for medical attention clear. *See, e.g.*, *Rouster v. Saginaw Cnty*., 749 F.3d 437, 446–51 (6th Cir. 2014) (holding that a prisoner who died from a perforated duodenum exhibited an "objectively serious need for medical treatment," even though his symptoms appeared to the medical staff at the time to be consistent with alcohol withdrawal); *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005) (holding that prisoner's severed tendon was a "quite obvious" medical need, since "any lay person would realize to be serious," even though the condition was not visually obvious).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can

be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. To prove a defendant's subjective knowledge, "[a] plaintiff may rely on circumstantial evidence . . . : A jury is entitled to 'conclude that a prison official knew of a substantial risk from the very fact that the risk was obvious.'" *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018) (quoting *Farmer*, 511 U.S. at 842).

However, not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Id*. at 105–06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Darrah v. Krisher*, 865 F.3d 361, 372 (6th Cir. 2017); *Briggs v. Westcomb*, 801 F. App'x 956, 959 (6th Cir. 2020); *Mitchell v. Hininger*, 553 F. App'x 602, 605 (6th Cir. 2014). This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate

medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). If "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Rouster*, 749 F.3d at 448; *Perez v. Oakland Cnty.*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440–41 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). "Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'" *Mitchell*, 553 F. App'x at 604-05 (quoting *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011)). The prisoner must demonstrate that the care he received was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *See Miller v. Calhoun Cnty.*, 408 F.3d 803, 819 (6th Cir. 2005) (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989)).

Here, Plaintiff alleges that he suffers from chronic nerve pain in his back, hips, and feet. (Am. Compl., ECF No. 5, PageID.15.) Plaintiff claims in a conclusory manner that this pain has gotten worse while he has been in prison and impacts his quality of life, but he does not provide factual allegations to support his conclusory assertion. (*Id.*) Under these circumstances, it is not clear that Plaintiff has alleged sufficient facts to satisfy the objective component of the deliberate indifference test. *See, e.g.*, *Farmer*, 511 U.S. at 834; *Blackmore*, 390 F.3d at 899. Regardless, even assuming, without deciding, that Plaintiff's allegations are sufficient to show that Plaintiff had a sufficiently serious medical need, as explained below, Plaintiff has failed to show that Defendants Russo and Duncan were deliberately indifferent to that medical need.

As an initial matter, the Court's analysis of the actions of Defendants Russo and Duncan is hampered by the fact that Plaintiff's complaint does not identify the dates of any of his visits with those Defendants. (*See* Am. Compl., ECF No. 5, PageID.15.) And although Plaintiff's amended complaint suggests that he met with Defendants Russo and Duncan on more than one occasion, Plaintiff's complaint does not give any indication of the number of visits that occurred nor the duration between those visits. (*See id.*)

Additionally, the role that Defendants Russo and Duncan played in the allegedly insufficient medical treatment is unclear from Plaintiff's allegations. Plaintiff alleges that he had "explained all of this" during medical visits with Defendants Russo and Duncan. (*Id.*) Plaintiff then alleges that he was "disregarded and left not properly treated *by medical staff*[.]" (*Id.* (emphasis added).) But "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that each Defendant is liable for" the alleged constitutional violation. *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). This allegation that Plaintiff was not properly treated by unspecified "medical staff" is insufficient to show that Defendants Russo and Duncan provided inadequate medical care.

Even if Plaintiff's allegation that his complaints were "disregarded and [he was] left not properly treated" was construed as relating to Defendants Russo and Duncan, Plaintiff has still failed to show that the named Defendants violated his Eighth Amendment rights. Plaintiff's allegations show that on unspecified dates and on an unspecified number of occasions, he received medical treatment in the form of Tylenol and Naproxen from an unidentified source. (Am. Compl., ECF No. 5, PageID.15.) Plaintiff then alleges that he met with the named Defendants. (*Id.*) It is unclear from Plaintiff's amended complaint if he was treating with Tylenol and Naproxen when he met with Defendants Russo and Duncan. (*See id.*) Additionally, Plaintiff's complaint does not

explain whether Defendants Russo and Duncan continued Plaintiff's treatment with Tylenol and Naproxen, whether they discontinued that treatment, or whether they provided Plaintiff some other course of treatment that Plaintiff deemed to be insufficient. (*See id.*) Plaintiff's vague allegation that Defendants Russo and Duncan "disregarded" his complaints and he was "left not properly treated," without any factual allegations to show what treatment Plaintiff was receiving at that time or what specific actions Defendants Russo and Duncan did, or did not, take, is insufficient to show what Defendants Russo and Duncan each did to violate the asserted constitutional right. *See Heyne v. Metro. Nashville Pub. Sch.*, 655 F.3d 556, 564 (6th Cir. 2011).

Plaintiff also alleges that Defendant Russo "chose to neglect all previous medical treatment and recommendations." (Am. Compl., ECF No. 5, PageID.15.) Simply because Defendant Russo did not provide Plaintiff the same medical treatment that Plaintiff had previously received, or that had been recommended to Plaintiff previously, does not establish that Defendant Russo was deliberately indifferent to Plaintiff's condition. A prisoner's "disagreement with the testing and treatment he has received," or his "desire for additional or different treatment," does not amount to an Eighth Amendment violation. *Rhineheart*, 894 F.3d at 740.

Given that Plaintiff received some medical treatment, the Court is generally reluctant to second guess medical judgments. *See Westlake*, 537 F.2d at 860 n.5. And Plaintiff's allegation that the treatment he did receive was "no where close to giving [him] any pain relief" without additional support facts or explanation, is insufficient to show that the treatment was so woefully inadequate as to amount to no treatment at all. *See Mitchell*, 553 F. App'x at 605. Nothing in Plaintiff's complaint shows that the care he received—treatment with Tylenol and Naproxen—was "so grossly . . . inadequate . . . as to shock the conscience or to be intolerable to fundamental fairness." *See Miller*, 408 F.3d at 819.

For these reasons, Plaintiff's allegations fail to show that Defendants Russo and Duncan were deliberately indifferent to Plaintiff's sufficiently serious medical need. Accordingly, Plaintiff has failed to state any claim of Eighth Amendment denial of medical care, and the Court will dismiss this action.

**<u>Conclusion</u>**

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed without prejudice for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated: September 16, 2026

/s/ Sally J. Berens
SALLY J. BERENS
United States Magistrate Judge